UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAM and GALE BRIGGS,

                        Plaintiffs,

                                          CIVIL CASE NO. 06-14806

v.

MICHIGAN DEPARTMENT OF HUMAN        HONORABLE PAUL V. GADOLA
SERVICES and WAYNE COUNTY SHERIFF'S  U.S. DISTRICT COURT
DEPARTMENT,

                        Defendants.
_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Before the Court is Plaintiffs' motion for a preliminary injunction filed on December 15, 2006. Plaintiffs, acting *pro se*, began this litigation against Defendants in Wayne County Circuit Court. Defendants removed the case to this Court on October 24, 2006.

**I.    Background**

Plaintiffs are Michigan residents and the paternal grandparents of a 4-year old child who was born in Miami-Dade County, Florida. Due to alleged neglect by the child's mother, the child was taken into the custody of the Florida Department of Children and Families on July 7, 2003. Upon the termination of parental rights of the child's mother and father in 2004, the child became a permanent ward of the State of Florida. After Plaintiffs sought to adopt the child, the State of Florida agreed to place the child in pre-adoptive placement with Plaintiffs in Michigan. Defendants argue that the State of Florida retains jurisdiction over the child and has the power to take the child back into its custody.

On September 6, 2006, Defendant Michigan Department of Human Services ("DHS") received an order from the Eleventh Judicial Circuit Court in Florida, directing the DHS to remove

the child from Plaintiffs and return him to Florida. The DHS began an action in Michigan and obtained a writ in Wayne County Circuit Court for removal of the child from Plaintiffs' home. On September 7, 2006, with the help of Defendant Wayne County Sheriff's Department, DHS removed the child from Plaintiffs' home and returned the child to Florida. Plaintiffs then filed this suit alleging that Defendants violated Plaintiffs' civil rights by unlawfully entering their home and removing their grandchild.

**II.   Analysis**

In their motion, Plaintiffs seek an injunction compelling the return of their grandchild from Florida to Plaintiffs' home or to protective custody in Michigan. When ruling on a motion for a preliminary injunction, a district court must consider and balance four factors: (1) whether the moving party has a strong likelihood of success on the merits; (2) whether the moving party would suffer irreparable injury without the preliminary injunction; (3) whether issuance of the preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the preliminary injunction. *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003) (citation omitted).

These four factors "are factors to be balanced, not prerequisites that must be met." *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 230 (6th Cir. 2003) (citation omitted). This Court "is not required to make specific findings concerning each of the four factors used in determining a motion for a preliminary injunction if fewer factors are dispositive of the issue." *Jones*, 341 F.3d at 476 (citations omitted). In this case, the Court will only consider the first factor of whether the moving party Plaintiff has a strong likelihood of success on the merits, as this factor is dispositive of the issue.

In the response to Plaintiffs' motion, Defendants argue compellingly that there is not a strong

likelihood of success because this Court lacks the jurisdiction to award Plaintiffs' requested relief. Defendants argue that the minor child has always been under the custody of the State of Florida, that the State of Florida is not a party to the litigation, and that this Court lacks jurisdiction over the State of Florida in this matter. Defendants further argue that though DHS had oversight of the child when he was in temporary custody in Michigan, once the Eleventh Judicial Circuit Court of Florida ordered the return of the child to Florida, DHS ceased to have any role in this case.

In their reply to Defendants' response, Plaintiffs argue that the child was not a ward of the State of Florida, but was their legally adopted child. Plaintiffs argue that Defendants had no right to take their adopted child out of their home. Plaintiffs also argue that any allegation to the contrary is fraudulent. Plaintiffs then reiterate their allegations of violations of their civil and constitutional rights by Defendants.

Defendants' position is much stronger than that of Plaintiffs. Attached to Defendants' response as Exhibits A and B are the final judgments of Florida's Eleventh Judicial Circuit Court terminating the parental rights of the child's mother and father, and committing the child to the custody of the State of Florida. Also attached as Exhibit C is the Florida court's order stating: "This Court expressly finds that its jurisdiction over said Child(ren) includes the power to effect or cause the return of the Child(ren) or its transfer to another location and custody pursuant to law." Def. Resp., Exh. C., ¶ 5 (Dec. 21, 2006). Finally, Defendants provide as Exhibit D a copy of the September 6, 2006 order of Florida's Eleventh Judicial Circuit Court, finding that placement of the child with Plaintiffs is no longer in the child's best interests and ordering the removal of the child from Plaintiffs' care. With this documentary support for Defendants' position, this Court is unable to find that Plaintiffs' claims have a strong likelihood of success on the merits. Consequently, it is improper to grant a preliminary injunction in favor of Plaintiffs.

3

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiffs' motion for preliminary injunction [docket entry 8] is **DENIED**.

In addition, on December 5, 2006, Plaintiffs filed notices of objections to Defendants' discovery plan and to Defendants' removal of the case to federal court.  Plaintiffs' objections to the discovery plan are simply disagreements with Defendants' recitation of the background of the case. Plaintiffs' objections to removal are meritless allegations of forum shopping and harassment. Removal to federal court is proper due to the federal constitutional violations alleged by Plaintiffs in their Complaint.  **ACCORDINGLY, IT IS FURTHER ORDERED** that Plaintiffs' objections to Defendants' discovery plan and removal [docket entries 6 and 7] are **OVERRULED**.

    **SO ORDERED.**


Dated:   January 26, 2007                              s/Paul V. Gadola
                                                                                HONORABLE PAUL V. GADOLA
                                                                                UNITED STATES DISTRICT JUDGE

---

### Certificate of Service

I hereby certify that on   January 26, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
        Margaret M. Flanagan; Luttrell D. Levingston            , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:          Sam and Gale Briggs          .


                                                      s/Ruth A. Brissaud
                                                      Ruth A. Brissaud, Case Manager
                                                      (810) 341-7845