UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAM and GALE BRIGGS,

    Plaintiffs,

v.                                                CIVIL CASE NO. 06-14806
                                                   Hon. Paul V. Gadola
                                                   Magistrate Judge Steven D. Pepe

MICHIGAN DEPARTMENT OF HUMAN
SERVICES and WAYNE COUNTY SHERIFF'S
DEPARTMENT,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTIONS FOR DISMISSAL

Before this Court are Defendants' motions for dismissal. For the reasons below, the Court grants Defendants' motions and dismisses this case.

**I.    Background**

A minor child, L.C., was born on December 10, 2002, in Miami-Dade County, Florida. Due to allegations of neglect by the child's mother, he was taken into the custody of the Florida Department of Children and Families on July 7, 2003. The mother's parental rights were eventually terminated on April 5, 2004, and the father's parental rights were later terminated on July 20, 2004. As a result, the child became a permanent ward of the State of Florida.

Plaintiffs Sam and Gale Briggs are the paternal grandparents of L.C. Plaintiffs reside in Michigan and sought to adopt the child from the State of Florida. As part of the pre-adoption process, Florida agreed to place the child with Plaintiffs in their home in Michigan. At all times during the pre-adoption process, even while living with Plaintiffs, the child remained a

permanent ward of Florida. The Florida Court's Order from July 24, 2004, states, "This Court expressly finds that its jurisdiction over said Child(ren) includes the power to effect or cause the return of the Child(ren) or its transfer to another location and custody pursuant to law." Def. Mot. Dismiss, Ex. C, p.2 (Feb. 28, 2007).

On September 6, 2006, the Michigan Department of Human Services ("MDHS") received an "Order on Modification of Placement" from the State of Florida's Eleventh Judicial Circuit Court directing MDHS to remove the child from Plaintiffs' temporary custody and to return the child to Florida. *See* Def. Mot. Dismiss, Ex. D (Feb. 28, 2007). On that same date, MDHS was contacted by the Florida Circuit Court, requesting that MDHS return the child to Florida.

MDHS contacted Plaintiffs regarding removal of the child. Plaintiffs indicated they would not comply with the September 6, 2006 Florida Circuit Court order. Consequently, MDHS initiated a Michigan action in Wayne County Circuit Court to obtain a court order to remove the child. The Wayne County Circuit Court order was issued on September 7, 2006. *See* Def. Mot. Dismiss, Ex. E (Feb. 28, 2007). That same day, deputies of the Wayne County Sheriff's Department Child Rescue Task Force arrived at Plaintiffs' residence in Detroit to place the child in temporary custody. According to Defendants, when the members of the Sheriff's Department arrived at Plaintiffs' home, they were aware that someone was in the residence, but officers knocked on the door several times for approximately thirty minutes without answer. Eventually, an officer spoke with a niece of the Plaintiffs who facilitated a phone conversation between a detective and Plaintiff Sam Briggs. The detective discussed the Wayne County

Circuit Court order with Mr. Briggs and was finally able to convince him to open the door and allow officers into the home. Once inside, the officers identified L.C. and explained the court order to Mr. and Mrs. Briggs. The child was then taken from the home and turned over to MDHS officials. According to Defendants, the entire process took approximately ten minutes and the officers did not arrest, detain, or touch any other person except the child, L.C.

On September 14, 2006, the Wayne County Circuit Court-Family Division dismissed the Michigan case after concluding that L.C. had been lawfully returned to Florida. The Michigan Court acknowledged it did not have jurisdiction over the child and that Florida retained jurisdiction. *See* Def. Mot. Dismiss, Ex. H, p.1 (Feb. 28, 2007).

Plaintiffs then began this litigation in Wayne County Circuit Court against Defendant MDHS and Defendant Wayne County Sheriff's Department, alleging violations of Plaintiffs' civil rights. Defendants removed the case to federal court on October 24, 2006. Both MDHS and the Wayne County Sheriff's Department have filed separate motions for dismissal, which are now before this Court.

**II.     Analysis**

After considering the circumstances of this case, the Court finds that it should be dismissed for lack of jurisdiction. 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In determining whether an action arises under federal law, the Court is governed by the well-pleaded complaint rule which requires that a federal question be presented on the face of the complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal

courts have jurisdiction to hear "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

This case involves a child custody dispute. Plaintiffs seek to use this federal court to challenge the Florida state court's exercise of custody over the child when the child was removed from his temporary placement with Plaintiffs. Federal courts lack jurisdiction to decide child custody disputes. On this matter, the Sixth Circuit has stated:

> The field of domestic relations involves local problems peculiarly suited to state regulation and control, and peculiarly unsuited to control by federal courts. The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States. Because state courts historically have decided these matters, they have developed a proficiency and expertise in these cases and a strong interest in disposing of them.

*Firestone v. Cleveland Trust Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981) (quotations omitted). Thus, this is an action that does not articulate a question of federal law.

Furthermore, dismissal is appropriate here because no Michigan court has jurisdiction over the status of the child. After the parental rights of the child's parents were terminated, the State of Florida retained jurisdiction over the child. The Florida Court Order of Compliance with the Interstate Compact on the Placement of Children states, "This Court expressly finds that its jurisdiction over said Child(ren) includes the power to effectuate or cause the return of the Child(ren) or its transfer to another location and custody pursuant to law." Def. Mot. Dismiss, Ex. C, p.2 (Feb. 28, 2007); *see also* Article V of the Interstate Compact on the Placement of Children, codified at M.C.L. § 3.711 ("The sending agency shall retain jurisdiction over the child

4

sufficient to determine all matters in relation to the custody . . . Such jurisdiction shall also include the power to effect or cause the return of the child or its transfer to another location and custody pursuant to law."). Therefore, the child remained a permanent ward of Florida even while he was temporarily placed with Plaintiffs in Michigan and even though Plaintiffs had begun the adoption process. Since Florida retained jurisdiction over the child, the Court lacks jurisdiction to hear this dispute, and consequently, should dismiss this matter. *See* Fed. R. Civ. P. 12(b)(1).

Defendants also make other arguments as to why the case should be dismissed, which this Court finds compelling. First, Plaintiffs have failed to state a claim as required under 42 U.S.C. § 1983. According to the statute, a plaintiff must allege both a violation of a right or rights secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. MDHS, a state agency, is not a "person" subject to suit under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Also, Wayne County Sheriff's Department, a municipal department, cannot be liable for Plaintiffs' alleged injuries because Plaintiffs have failed to allege that those injuries were inflicted pursuant to a governmental custom, policy, or practice. *See Monell v. Dep't of Soc. Services*, 436 U.S. 658 (1978). Furthermore, Defendants MDHS and Wayne County Sheriff's Department are immune from liability because of quasi-judicial immunity and qualified immunity. *See Kurzawa v. Mueller*, 732 F.2d 1456 (6th Cir. 1984); *Saucier v. Katz*, 533 U.S. 194 (2001).

**III.     Conclusion**

5

For these reasons, this Court finds that it does not have jurisdiction over Plaintiffs' claims and that Plaintiffs' claims must be dismissed. In this case, Defendants were merely executing a valid Florida court order in removing the child from Plaintiffs' residence. Plaintiffs are attempting to contest the State of Florida's exercise of custody over their grandson, and since the State of Florida retained jurisdiction and this Court has no jurisdiction, this Court cannot grant the relief Plaintiffs seek.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendants' motions for dismissal [docket entries 24 and 25] are **GRANTED**.

**IT IS FURTHER ORDERED** that this civil action, Case No. 06-14806, is **DISMISSED.**

**SO ORDERED**.

Dated: May 29, 2007
s/Paul V. Gadola
HONORABLE PAUL V. GADOLA
UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on May 29, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Margaret M. Flanagan; Luttrell D. Levingston, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Sam and Gale Briggs.

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845